**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SAGE SKYLER IFILL | : | |
| | : | |
| Appellant | : | No. 1433 MDA 2023 |

Appeal from the Judgment of Sentence Entered September 12, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0006633-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SAGE IFILL | : | |
| | : | |
| Appellant | : | No. 1434 MDA 2023 |

Appeal from the Judgment of Sentence Entered September 12, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000242-2019

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BECK, J.:                    **FILED: JULY 18, 2024**

Sage Skyler Ifill ("Ifill") appeals from the judgment of sentence imposed
by the Dauphin County Court of Common Pleas ("trial court") following a
resentencing hearing.  On appeal, Ifill challenges the discretionary aspects of
his sentence.  Finding the claim waived, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

J-A15016-24

This Court previously set forth an extensive recitation of the underlying facts. **Commonwealth v. Ifill**, 1657 MDA 2021, 1658 MDA 2021 (Pa. Super. filed Jun. 7, 2023) (non-precedential decision). Briefly, Ifill was arrested and charged with three counts of rape of an unconscious victim and sexual assault,[1] arising out of incidents involving three different women.

On October 5, 2021, the trial court sentenced Ifill to three consecutive prison terms of seven and one-half years to fifteen years for the rape convictions, which were in the aggravated range, for an aggregate sentence of twenty-two and one-half years to forty-five years of imprisonment. On appeal, this Court affirmed Ifill's convictions, but vacated the sentence, finding that the trial court improperly relied on a statement of a fourth alleged victim of crimes for which Ifill had not been convicted, and remanded for resentencing. **Id.** Following a resentencing hearing held on September 12, 2023, the trial court imposed the same aggregate prison term of twenty-two and one-half years to forty-five years. Ifill filed a timely appeal.

On appeal, Ifill presents one issue for our review: "Whether the trial court's aggregate sentence of 22.5 to 45 years of incarceration is manifestly excessive and unreasonable and violates the specific goals of the sentencing code, including protection of the public, [Ifill's] age, gravity of the offense,

---

[1] 18 Pa.C.S. §§ 3121(a)(3), 3124.1.

- 2 -

and rehabilitative needs[?]" Ifill's Brief at 5 (unnecessary capitalization omitted).

Ifill challenges the discretionary aspects of his sentence. *See Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (noting that a claim that a sentence is excessive and manifestly unreasonable because the trial court failed to consider all relevant sentencing factors is a challenge to the discretionary aspects of sentencing). "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Baker*, 311 A.3d 12,18 (Pa. Super. 2024) (citation omitted). To invoke this Court's jurisdiction, an appellant must satisfy a four-part test:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Rivera*, 312 A.3d 366, 376-77 (Pa. Super. 2024) (citation and brackets omitted).

Here, Ifill did not properly preserve the issue at resentencing or in a new post-sentence motion. *See Commonwealth v. Levy*, 83 A.3d 457, 467 (Pa. Super. 2013) (concluding that appellant's failure to file a post-sentence motion after resentencing or raise the claim at the sentencing hearing rendered his discretionary aspects of sentencing challenge waived). His claim is therefore waived.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/18/2024